UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) ) CAUSE NO. 3:05-MD-527 RM ) (MDL-1700) ) ) THIS DOCUMENT RELATES TO ) ALL CASES |

**OPINION & ORDER**

On July 10, 2006, Defendant filed a motion to compel Plaintiffs to produce their tax and financial records. On August 4, 2006, Plaintiffs filed their response. On August 18, 2006, Defendant filed its reply in support of its motion. For the following reasons, Defendant's motion is **DENIED** [Doc. No. 306].

**I.    RELEVANT BACKGROUND**

On August 10, 2005, this multidistrict litigation case was transferred to the Northern District of Indiana pursuant to 28 U.S.C. § 1407 to perform consolidated pretrial proceedings. Plaintiffs' main contention for many of their claims is that Defendant was treating them as independent contractors when they were actually employees. As a result, Plaintiffs seek a number of remedies that revolve around this issue including injunctive relief and damages. On November 15, 2005, this Court entered an initial scheduling order where, pursuant to the parties' consent, discovery on liability and damages was bifurcated.

The present dispute is a discovery dispute as to whether Plaintiffs should be compelled to disclose their tax returns and financial records to Defendant. This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II. APPLICABLE LAW

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)). Discovery under Rule 26, however, is not an invitation to the proverbial fishing expedition. The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26 (b)(2).

This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

**III.     ANALYSIS**

On March 24, 2006, this Court issued an order and opinion relating to a motion to compel.  In that order this Court reiterated that discovery was bifurcated as to liability and damages, but this Court found that some material relating to damages could be discovered if it related to class certification.  However, this Court's holding was a narrow one, and it cautioned the parties against attempts to secure vast documentation of evidence of damages.  At this time, the parties are only supposed to be performing discovery related to either liability or class certification, unless the material is interwoven with damages and it is a limited amount.

As a general rule, federal income tax returns are subject to discovery in civil suits where a litigant tenders an issue as to the amount of his income.  Shaver v. Yacht Outward Bound, 71 F.R.D. 561, 563 (N.D. Ill. 1976).  However, it is recognized they have some character of confidentiality, and as a result, their production is not routinely required.  Id. at 563-64.  Therefore, the tax returns must be relevant and material to the matters in issue.  Fed. R. Civ. P. 26(b)(1); June v. George C. Peterson Co., 155 F.2d 963, 967 (7th Cir. 1946); Bagnall v. Freeman Decorating Co., 196 F.R.D 329, 333 (N.D. Ill. 2000); Shaver, 561 N.E.2d at 564.  Consequently, because the parties are only discovering matters related to class certification or liability, the tax returns must be relevant to one of these two issues.

A.     Liability

Defendant claims that the Plaintiffs' tax returns directly indicate whether Plaintiffs are independent contractors or employees.  According to Nationwide Mut. Ins Co. v. Darden, 503 U.S. 318, 322-24 (1992), there are many factors that determine whether a person or entity is an employee.  One of those factors is the tax treatment of the disputed entity.  However, Plaintiffs

3

have admitted that they filed their tax returns as independent contractors.  Consequently, this Court fails to see what other information may be gleaned from the tax returns that reflects whether Plaintiffs were employees.

Defendant contends that Plaintiffs' tax returns are relevant because they directly reflect Plaintiffs' subjective belief that they were independent contractors.  This Court is not persuaded by this argument.  First, Defendant provided Plaintiffs with the independent contractor tax forms.  As a result, the Plaintiffs had little choice but to file the independent contractor forms.  And second, this Court is not convinced that Plaintiffs' subjective belief that they were independent contractors is dispositive of whether they were.  As a result, this Court concludes that the tax returns are not discoverable because they do not meet the relevancy requirement of Rule 26.

Defendant also claims that Plaintiffs' tax returns reflect the Plaintiffs' profits, overall income, and the expenses in running their businesses.  Profits, income, and expenses relate to damages and how much Defendant may or may not owe Plaintiffs if it is found to be liable, but they appear to have little bearing on the liability issue of whether Plaintiffs were employees.  Thus, this Court does not find the income, profits, and expenses of Plaintiffs to be interwoven with liability.  Further, there are many Plaintiffs in this case, and to require each one to produce his or her tax returns would result in a vast amount of documentation. The scope of Defendant's request also suggests the tax returns should not be disclosed under Rule 26(b)(2), especially with the questionable relevance the returns have to liability.

Consequently, because the tax returns are not relevant to liability, they are not discoverable now. However, these documents may be discoverable at the damages stage of this litigation.

B.     Class Certification

Defendant contends that damages will be relevant to the Fed. R. Civ. P. 23(a) requirements of: manageability, typicality, existence of common issues of law or fact, and whether Plaintiffs are adequate class representatives.

Pursuant to Fed. R. Civ. P. 23(c)(4), class actions may be maintained with respect to particular issues. As a result, damages may or may not have an impact upon the prerequisites of Fed. R. Civ. P. 23(a) depending on how the class is framed. At this time, this Court has already limited discovery to liability. The main issues for class certification will be the manageability, typicality, and the presence of common issues of law or fact with relation to matters of liability. As previously stated, the tax returns relate primarily to damages, and as a result, are not relevant to class certification of liability.

In support, Defendant claims that this Court allowed issues of damages that relate to class certification to be discoverable. Actually, this Court allowed an interrogatory that related to damages because it <u>may</u> have related to class certification <u>and</u> because it was not attempting to secure <u>vast documentation</u>. On the contrary, Defendant's request for all of Plaintiffs' tax returns is a vast request. There are many Plaintiffs in this case, and to require each one to produce his or her tax returns would result in an unmeasured amount of documentation. Defendant's request for Plaintiffs' tax returns does not fit within the prior exception outlined by this Court. While

5

damages may arguably be related to some of the Rule 23(a) requirements, they are not important enough to warrant Defendant's vast discovery request under Rule 26(b)(2).[1]

Finally, Defendant claims the tax returns are crucial to determining if Plaintiffs will be adequate class representatives. Defendant claims that it will be able to determine if Plaintiffs lied on their tax returns if they are disclosed, which will have a direct bearing upon whether Plaintiffs may appropriately represent the entire class. Assuming Plaintiffs lied in their tax returns, merely filing inconsistent tax returns does not necessarily indicate improper character so that Plaintiffs would be inappropriate class representatives. While Plaintiffs' honesty may have a bearing on whether they are adequate representatives, there are many other considerations that will have a far greater impact on this determination. See Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993) (stating that a key concern of adequate representation is whether the class members have conflicting claims). Simply put, the Plaintiffs' tax returns will not be determinative of whether Plaintiffs will be adequate representatives of a possible class.

Consequently, because class certification will primarily turn on liability, because Defendant's request is so large, and because the tax returns have little bearing on whether Plaintiffs are adequate class representatives, Plaintiffs' tax returns are not discoverable at this time. However, Plaintiffs' tax returns may be discoverable at a later stage regarding damages.

---

[1] Defendant also contends that damages are crucial to determine whether an injunctive class under Rule 23(b)(2) is satisfied because a Rule 23(b)(2) class is not appropriate where money damages are the exclusive or predominate remedy. However, while the tax returns may give an indication of the amount of money damages, they will not resolve the question of whether money damages are the exclusive or predominate remedy or whether an injunction is an inappropriate remedy. Consequently, this Court does not find this argument persuasive.

6

## IV.  CONCLUSION

Pursuant to this Court's previous order, the parties are to discover matters related to liability and class certification only.  The Defendant seeks Plaintiffs' tax returns, but the tax returns do no appear relevant to liability or to pertain to class certification.  Consequently, Defendant's motion to compel is **DENIED** [Doc. No. 306].

**SO ORDERED.**

Dated this 6th  Day of September, 2006.

s/ Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge
